Smith, J.
This case comes into this court on appeal from the decision of the court of common pleas, distributing the proceeds of the sale of a certain leasehold, with the improvements thereon, which had been sold as the property of the Hotel Company, on foreclosure of certain liens thereon. At the trial of the case here it was submitted on the allegations of the pleadings, no evidence having been offered.
The allegations of the petition of the plaintiffs, in so far as it is necessary to state them, are substantially as follows: The *128 plaintiffs say that they are contractors and builders. That the Hotel Company is a corporation, and held a lease on certain real estate described, for ten years from June 1, 1892, and renewable for another term of ten years, on the giving of at least six months notice prior to the expiration of the first term of ten years, at an annual rental of $720.00, payable in equal monthly payments of $60.00 at the end of each and every month during the term. The lessee was also to pay all the taxes on the premises, and keep an insurance thereon of $6,000.-00, for the benefit of the lessor.
The plaintiffs entered into a contract with the company to erect for it on said premises a hotel building at the contract price of $10,000.00, and did so, and the company paid them therefor all thereof except $5,600.00, on estimates duly made. The company failed to make any other payments as they became due, and plaintiffs took out a mechanic’s lien on the premises, (theleasehold and the improvements), for the amount due. Gordon, who claimed a lien thereon, was made a party defendant, and filed an answer setting up> his alleged lien. The averments of his original answer were substantially these: He avers that he is now, by assignment and deed, the owner of the fee of said real estate, and of the lease which had been made to the Hotel Company, and a copy of the lease is set out. That by the said lease, the rents due and to become due are made the first lien on tbe premises, and that two installments of the rent secured thereby, viz., those which became due April and May, 1893, are due and unpaid, and he avers that his lien therefor is superior to and better than the lien of plaintiffs.
The lease which is made a part of the answer, was duly executed as a deed for real estate, and contained the following covenant and provision: “ and that for the better securing the payment of said rents, and the performance of the covenants herein contained, by the said lessee to be kept and performed, the said lessors, their heirs and assigns, shall have a first lien, paramount to all others, upon every right and inter *129 est of the said lessee, to or in the above described premises.” Other covenants of the lessee are for the payment of all taxes and assessments upon the property, and to keep the buildings insured for the protection of the lessors or their assigns, in a sum not less than $6,000.00.
Afterwards a supplement to the answer of Gordon was filed, averring thathe had paid$85.33 as insurance premiums, and on July 2,1894,thetaxes which werethefirst lien on said property, amounting to $350.49, and that the lessee had failed to pay them as it had covenanted to do. Wherefore he asks that he may have a lien declared upon the property for these sums, and for the rents which accrued under the lease from the 30th of April, 1893, to the date of the confirmation of the sale.
The court having ordered the sale of said leasehold estate and improvements, they were sold by the sheriff, on June 23, 1894, and on July 2, 1894, such sale was confirmed tothepurchaser, Mr. Gordon, at his bid of $1,500.00. The court then ordered the costs to that date, amounting to $325.30; to be paid from the fund by the sheriff, and reserved for future decision at the same term the question as to what should be done with the balance of the purchase-money, viz., the sum of $1,-174.70, and on August 8, 1894, the court ordered the accruing costs to be paid therefrom, and that the residue be paid to plaintiff as a credit on their claim. From this decree Gordon appealed.
On this state of fact, what are the rights of the parties, independent of the provisions of section 31846, Rev. Stat., or under the same ? In the first place, it must be conceded, we think, that both the plaintiffs, and Mr. Gordon, had liens on the interest of the Hotel Company in the leasehold, and on theimprovements which had been placed on the ground by the company — the plaintiffs having filed a mechanic’s lien after the erection of the buildings, (against which no objection is made), and the assignors of Gordon having at the time of the lease of the premises to the company, expressly reserved a lien thereon for the rent which was to become due, and to secure the *130 other covenants in the lease made by the lessees — and this by the terms of the contract was to be superior to any lien that might thereafter be placed upon it by the lessees. Of course, under the provisions of our statute, the lien of the state for taxes upon the property would be paramount. But we think that unless there is some statutory provision which makes the mechanic’s lien taken after the execution of the lease, to be superior to the lien created by the lease, that the latter would be the first and best lien as between the lessor or his assignee, and the builders. If this be so, it would seem to follow necessarily that in an action brought by one of the lien-holders to foreclose his lien, making the other lienholders parties, that the proceeds should be divided according to their priorities in this case to the payment of the lien of the grantor in the lease, or of his assignee, Mr. Gordon.
The question then arises whether section 31846, which was in force at the time of the execution and delivery of this lease, and when the rights of the mechanics attached, in any way operates to make the lien of the mechanics have preference to that of the assignee of the lessor, in the distribution of the proceeds of the sale made in this case. It in effect provides that “ every building erected, or other improvement made, mentioned in section 3184” (the general section as to mechanic’s liens) “ on leased lots or lands, shall be held for debt contracted for or on account of the same, and also the leasehold, term for such lot and land on which the same is erected or made.” It surely could not have been the intention of the legislature to provide by this, that the mechanic’s lien taken in conformity with the statute, should have priority over liens which had been taken on the same interest of the lessee long before the improvement for which the lien was taken, was commenced. For instance, suppose the lessor, instead of having a lien by the terms of the lease, had taken a mortgage upon the leasehold and all improvements to be subsequently made on the premises, to secure the payment of the installments of rent, taxes and insurance, as they became due — can *131 there be any question that in case of a foreclosure of the liens the mortgage claim must be first paid ? We think not; and we see no substantial difference between that and this ease.
But the section under consideration further provides, that “ in case the lessee shall have forfeited his lease, the purchaser of the building and leasehold term, or so much thereof as remains unexpired, shall be held to be the assignee of such leasehold term, and as such shall be entitled to pay to the lessor all arrears of rent, or other money, interests and costs due under said lease, unless the lessor shall have regained possession of the leasehold land, or obtained judgment for the possession thereof, on account of the non-compliance by the lessee with the terms of the lease, in which, case, the purchaser of the improvements under this act, shall have the right only to remove the improvements within sixty days after he shall purchase the same, and the owner of the ground shall receive the rent due him, payable out of the proceeds of the sale, according to the terms of the lease, down to the time of removing the building.”
What bearing has the part of the section last quoted, on this case, or on the rights of the parties? In the first place we may say, that in our opinion, the lease in this case has not been forfeited, in the meaning of this statute. It is true that under the terms of the lease there may have been good grounds to forfeit the same, but the lessor has not chosen to avail himself of the right, or to take the steps necessary to be taken to bring it about. The purchaser by the sale, therefore, did not under this provision become the assignee of the leasehold term so as to entitle him to pay all arrears of rent, etc., even if this word “ entitle ” made it obligatory upon him to do so, which we think is not the case. This is a provision of the statute in favor of a purchaser where there had been an actual forfeiture, and does not apply where this is not the case, and the remainingpart of the section, obviously, has no application to the case.
Here, there being no forfeiture, the interest of the lessee un *132 der the lease has been sold to pay existing liens, and these liens are to be paid in the order of their priority. This may result harshly to the company and the mechanic in this particular case, and the purchaser may have got a great bargáin by reason of having purchased the leasehold and improvements at so low a price, but this does not change the law of the case.
Morey, Andrew & Morey, for Young & Son.
Edgar Belden, for Alex. Gordon.
As the amount due for rent up to the day of sale, and the taxes paid by Gordon, which the lessee was bound to pay, amount to a sum greater than the balance remaining for distribution, it follows, if we are right in our conclusions that after paying the additional costs in the case, the residue must go to Mr. Gordon.
Swing, J., dissents.